**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**OCTOBER 27, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38198-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ANTWAN D. CONWAY, | ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Following a series of incidents at the Spokane Amtrak station where

Antwan Conway allegedly attacked three different individuals, the State charged Conway

with one count of second degree assault, one count of third degree assault, and one count

of fourth degree assault. At trial, defense counsel admitted to the fourth degree assault

and also admitted that the other crimes amounted to fourth degree assault. However,

counsel did not request an instruction for a lesser-included offense. The jury found

Conway guilty of second and fourth degree assault but acquitted him of third degree

assault.

On appeal, Conway argues that his trial attorney was constitutionally ineffective

for failing to request an instruction for the lesser-included offense of fourth degree assault

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38198-6-III
*State v. Conway*

with regard to the second degree assault conviction. We affirm Conway's conviction and hold that counsel's strategic decision to forgo a lesser-included instruction was not deficient. To the extent our opinion conflicts with Division Two's opinion in *State v. Classen*, 4 Wn. App. 2d 520, 422 P.3d 489 (2018), we decline to follow it. Conway did not receive ineffective assistance of counsel.

BACKGROUND

In the early morning hours, Conway hailed a cab outside the Spokane Amtrak station and requested a ride to Spokane Valley. After determining that Conway did not have money to pay for the trip, the cab driver asked Conway to exit the vehicle. Conway refused for more than five minutes to exit the cab, finally doing so when the cab driver called Crime Check to inform them he had a passenger who was refusing to get out of his vehicle. Conway got out of the vehicle, walked over to the driver's side, and punched the cab driver three or four times through the rolled down window. The cab driver rolled up the window and locked his door, and Conway proceeded to open the sliding door behind the driver and hit him about 10 more times. The cab driver then drove away.

Conway next entered the Amtrak station and sat down. The security guard informed him that he could not wait in the building unless he had a ticket to travel and

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38198-6-III
*State v. Conway*

that if he refused to leave, the guard would call the police. The security guard reached for his phone, and Conway struck him. The guard fell to the ground and called for help.

An Amtrak employee saw the security guard fall to the ground and started to approach, but Conway punched the employee in the face. Conway then returned to the security guard and continued to beat him. Police subsequently arrived and detained Conway.

After police arrived, the Amtrak employee realized his tooth had been chipped. The employee went to his dentist about three weeks later. It was later determined from an x-ray that although the chipped tooth was still vital, the crown of the tooth had been fractured.

The State charged Conway with one count of second degree assault for his actions against the Amtrak employee, one count of third degree assault for his actions against the security officer, and one count of fourth degree assault for his actions against the cab driver. The case proceeded to a jury trial. Prior to the commencement of trial, the trial court asked defense counsel if he planned to include instructions for lesser-included offenses. Defense counsel confirmed that he did not.

At trial, along with the Amtrak employee's testimony regarding his chipped tooth, the employee's dentist testified that he x-rayed the tooth and determined it was fractured.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38198-6-III
*State v. Conway*

The dentist also testified that the x-ray did not reveal any damage to the root or bone structure, and the fracture was limited to the exposed part of the tooth. The Amtrak employee also testified that he waited to get medical attention because his tooth was not hurting and he thought he could wait.

The State presented video evidence of each of the assaults.

During closing argument, defense counsel admitted that Conway had committed the fourth degree assault and also admitted that the State had presented sufficient evidence to establish fourth degree assault with regard to the other two felony charges, but maintained that the State had not established proof of second or third degree assault. Defense counsel argued that the State had not shown that the victim of the alleged third degree assault was an employee of a transit company and had not shown that the victim of the alleged second degree assault suffered substantial bodily injury, both of which are necessary elements of the respective felonies.

The jury found Conway guilty of the second and fourth degree assault charges but not guilty of the third degree assault charge.

Conway appeals, arguing that his trial counsel was ineffective for failing to request a lesser-included instruction on fourth degree assault.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38198-6-III
*State v. Conway*

ANALYSIS

Criminal defendants have a constitutionally guaranteed right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*, 190 Wn.2d 104, 115, 410 P.3d 1117 (2018). A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Nichols*, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007). Claims of ineffective assistance of counsel are reviewed de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310 (1995).

A defendant bears the burden of showing (1) that his counsel's performance fell below an objective standard of reasonableness based on consideration of all the circumstances and, if so, (2) that there is a reasonable probability that but for counsel's poor performance, the outcome of the proceedings would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either element is not satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

In reviewing the record for deficiencies, there is a strong presumption that counsel's performance was reasonable. *McFarland*, 127 Wn.2d at 335. The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation. *Id.* The reasonableness of counsel's performance is to be evaluated from counsel's

5

No. 38198-6-III
*State v. Conway*

perspective at the time of the alleged error and in light of all the circumstances.

*Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).

When counsel's conduct can be characterized as legitimate trial strategy or tactics,

performance is not deficient. *Kyllo*, 166 Wn.2d at 863.

A decision by defense counsel to forgo an instruction on a lesser-included offense

may be a legitimate trial tactic. *Classen*, 4 Wn. App. 2d at 540. Both the defendant and

the State have the right to present an instruction for a lesser-included offense if all of the

requirements have been met. *State v. Witherspoon*, 171 Wn. App. 271, 291, 286 P.3d 996

(2012), *aff'd*, 180 Wn.2d 875, 329 P.3d 888 (2014). "The inclusion or exclusion of a

lesser included offense is a tactical decision, for which this court grants significant

latitude to defense attorneys." *Id.*

Conway argues that defense counsel's failure to request an instruction for the

lesser-included offense of fourth degree assault with regard to his second degree assault

charge was ineffective assistance of counsel. In support of this position, Conway points

to *Classen*. In *Classen*, the defendant was charged with several felonies, including two

counts of second degree assault. At trial, defense counsel did not seek lesser-included

instructions on fourth degree assault. During closing argument, counsel conceded that

No. 38198-6-III
*State v. Conway*

Classen was "'guilty of assault,'" but rhetorically asked "'What kind of assault is it? That's the question.'" *Id.* at 530. The jury found Classen guilty as charged.

On appeal, Division Two of this court determined that defense counsel was deficient for failing to request an instruction on fourth degree assault. While recognizing that the choice to forgo requesting lesser-included instructions may be strategic, "[d]etermining 'whether an all or nothing strategy is objectively unreasonable is a highly fact specific inquiry.'" *Id*. at 541 (quoting *Hassan*, 151 Wn. App. at 219). The court went on to find that the failure to request a lesser-included instruction did not appear to be a strategy at all, much less a reasonable strategy. *Id*. at 541-42. Because counsel conceded that Classen was guilty of assault, and the jury was not provided with an alternative, "counsel's argument amounted to an admission that Classen committed second degree assault." *Id*. at 542.

By contrast, in *Witherspoon*, Division Two considered whether defense counsel was deficient for pursuing an all-or-nothing strategy where the defendant was charged with robbery and defense counsel did not request a lesser-included offense instruction for theft. 171 Wn. App. at 290-91. At trial, defense counsel admitted that the defendant had committed theft but argued that there was no robbery because there was no use or threatened use of force. *Id.* at 292. The *Witherspoon* court determined that defense

7

No. 38198-6-III
*State v. Conway*

counsel was not ineffective because defense counsel's actions were a legitimate trial tactic and "if the jury believed the defense theory of the case, it could have acquitted [the defendant]." *Id*. The fact "[t]hat this strategy ultimately proved unsuccessful is immaterial." *Id*.

Applying this highly fact-specific inquiry to this case, defense counsel's decision to forgo an instruction on the lesser-included offense was not deficient because it was clearly strategic. Several facts distinguish this case from *Classen*.

First, although defense counsel told the jury during closing argument that the State had proved fourth degree assault, unlike *Classen*, the State charged Conway with second, third, and fourth degree assault, so the jury had the definitions for all three types of assault, including the fourth degree assault that defense counsel admitted Conway had committed. Additionally, unlike *Classen*, defense counsel specified that he was admitting that Conway was guilty of fourth degree assault, not just assault in general. Moreover, like *Witherspoon*, defense counsel specified the alternative crime that he was conceding Conway had committed.

Second, there was strong evidence in support of the State's assault charges. The State presented the jury with undisputed video evidence of Conway assaulting the victims. There was no similar evidence in *Classen*. 4 Wn. App. 2d at 527-30. Because

No. 38198-6-III
*State v. Conway*

the State presented undisputed video evidence of the assaults, it was a legitimate trial

tactic for defense counsel to admit that Conway had committed fourth degree assault.

Third, even though an all-or-nothing strategy is legitimate regardless of success,

in this case it worked. The jury acquitted Conway of third degree assault even though

counsel acknowledged the assault.

Fourth, unlike in *Classen*, the trial court asked defense counsel if he planned to

include an instruction for a lesser-included offense, and defense counsel confirmed that

he was not planning to do so. This clearly demonstrates that the decision to forgo a

lesser-included instruction was deliberate and strategic.

Conway also fails to demonstrate that counsel's performance prejudiced him.

There is no evidence that the proceedings would have been different but for counsel's

decision to forgo a lesser-included instruction. Conway argues that because the State's

evidence of substantial bodily harm was weak, had the jury been instructed on the lesser-

included fourth degree assault there was a reasonable probability that the jury would have

found Conway guilty of fourth degree assault. In support of his argument, Conway relies

on *Classen*'s statement that "[c]ourts have observed that '[w]here one of the elements of

the offense charged remains in doubt, but the defendant is plainly guilty of some offense,

the jury is likely to resolve its doubts in favor of conviction.'" *Classen*, 4 Wn. App. 2d at

9

No. 38198-6-III
*State v. Conway*

541 (second alteration in original) (internal quotation marks omitted) (quoting *State v. Grier*, 171 Wn.2d 17, 36, 246 P.3d 1260 (2011)) .

While persuasive at first glance, as the State points out in its briefing, a deeper look reveals that the Washington Supreme Court specifically disagreed with the language quoted in *Classen*. The sentence originally appeared in the Court of Appeals decision in *Grier* and was then quoted by the Supreme Court to demonstrate how the Court of Appeals had erred. *Grier*, 171 Wn.2d at 40. Despite the Supreme Court's specific repudiation of this language, *Classen* relies on it to support its holding that the decision in *Classen*, to forgo lesser-included instructions, was deficient. For the same reason that the quoted language did not support the Court of Appeals decision in *Grier*, it does not support Conway's position in this case.

Here the jury's decision to acquit Conway of the third degree assault charge despite counsel's admission of an assault demonstrates that the jury was not inclined to simply make a finding of guilt because Conway was clearly guilty of some offense. Rather, it demonstrates that the jurors carefully weighed the elements of the charges in their deliberations and the convictions were based on findings of the required elements. Thus, Conway fails to demonstrate that but for counsel's decision to forgo a lesser-included instruction, the outcome would have been different.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38198-6-III
*State v. Conway*

Conway's attorney was not constitutionally ineffective. Defense counsel made a strategic decision to forego a lesser-included instruction on a felony assault charge. The decision was not deficient and did not prejudice Conway at trial.

Affirmed

_____
Staab, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

11